**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

ORLANDO MORA,

      Defendant - Appellant.

No. 99-8040
(D.C. No. 98-CR-108-1)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, MURPHY, and COOK[**], Circuit Judges.

---

Defendant-Appellant, Orlando Mora, appeals from his conviction of: (1) conspiracy to possess with intent to distribute and distribution of methamphetamine, 21 U.S.C. § 846 (count 1); (2) maintaining a place for the manufacture of methamphetamine and marijuana, 21 U.S.C. §§ 856(a)(1) and 856(b), 18 U.S.C. § 2 (count 2); (3) manufacturing methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2 (count 3); (4) possessing with intent to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable H. Dale Cook, Senior District Court Judge, United States District Court of the Northern District of Oklahoma, sitting by designation.

distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2 (count 4); (5) being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e)(1) (count 6); and (6) possessing with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2 (count 7). He was sentenced to a term of life imprisonment on count 1; 240 months imprisonment on counts 2, 3, 4, and 7; and to 360 months on count 6, with the sentences to be served concurrently. He was also sentenced to ten years supervised release on count 1; three years, on counts 2 and 3; and five years on counts 4, 6, and 7, to be served concurrently. Finally, Mr. Mora was fined $1000, with a special assessment of $600. We discuss the underlying facts as necessary to resolve Mr. Mora's issues on appeal.

Mr. Mora argues that the district court erred in admitting (1) a letter written by Mr. Mora while he was incarcerated, and should have suppressed all evidence obtained pursuant to a search warrant based on information in the aforesaid letter; (2) statements made by Mr. Mora, taken after he had invoked his Fifth Amendment right to silence, and requested counsel; and (3) evidence of Mr. Mora's prior felony conviction, where Mr. Mora had stipulated to this conviction previously.[1] Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[1] Mr. Mora raised another claim for relief in his brief, namely, that the United States should have been prevented from referring to evidence that had been destroyed without notice to the defendants. However, Mr. Mora conceded

Mr. Mora first claims that he is entitled to relief because the trial court erroneously failed to suppress evidence obtained as a result of information gathered from opening and reading an outgoing letter written by Mr. Mora while incarcerated at the Hot Springs County Detention Center. Mr. Mora relies on the inmate handbook:

> 7.4 Outgoing mail may be sealed and usually is not opened before it is sent. However, Detention Center staff may inspect all outgoing mail, except privileged mail, when necessary to protect security.

I. R. doc. 80 attach. 2. Mr. Mora wrote a letter to his co-defendant, which the Detention Center opened. The content of the letter provided the basis for a search warrant of Mr. Mora's premises, where a great deal of evidence used against Mr. Mora was discovered. Mr. Mora argues that the opening and reading of his mail, without reference to a stated security risk was improper, and thus cannot serve as the basis for a search warrant.

This court has considered the contours of a prisoner's rights vis-a-vis outgoing mail. See Beville v. Ednie, 74 F.3d 210, 213 (10th Cir. 1996). In Beville, we concluded that "[i]n order to enforce permissible restrictions which are reasonably related to substantial government interests, corrections officers must be able to inspect all outgoing mail." Id. at 214. Mr. Mora essentially

_____

this claim at oral argument.

argues that we should depart from this holding. Even if we were so inclined (which we are not), we are unable to do so, as the Beville resolution is binding on this panel. See Fox v. Ward, Nos. 98-6343, 98-6359, 2000 WL 6189, *14 (10th Cir. Jan. 6, 2000). Thus, we find that Mr. Mora's rights were not violated when his outgoing mail was opened and inspected, and the information gleaned therefrom properly supported the subsequent search warrant.

Next, Mr. Mora argues that the trial court erroneously admitted statements he had made after invoking his Fifth Amendment right to silence, and Sixth Amendment right to counsel. The validity of a waiver of such rights is a question of law, which we review de novo. See United States v. Bautista, 145 F.3d 1140, 1149 (10th Cir. 1998) (Fifth Amendment); See United States v. Taylor, 113 F.3d 1136, 1140 (10th Cir. 1997) (Sixth Amendment). We review the district court's findings of fact for clear error, viewing the evidence in the light most favorable to the government. See United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998). Mr. Mora charges that after he had asserted his right to counsel, and invoked his right to remain silent, a law enforcement officer forced him against his will to give fingerprints, and it was during this procedure that certain statements were made. Mr. Mora argues, by reference to Edwards v. Arizona, 451 U.S. 477 (1981), that because he was in custody, and had asserted his right to counsel, that the government may not use statements he made without counsel

- 4 -

present. However, the district court found the officer's conduct was proper, and that Mr. Mora had waived his rights. V. R. at 110. The evidence shows that Mr. Mora had initially been Mirandized by the law enforcement officer, and moreover, was reminded subsequently that he had invoked his right to counsel, and should consider remaining silent. Mr. Mora nevertheless persistently initiated contact with the officer, making statements to the effect that he had written the letter that was the basis for the warrant used to search his home. We are convinced that the district court did not clearly err when it found that Mr. Mora voluntarily initiated contact with the officer, and thus waived his previously invoked right to counsel and silence. See Oregon v. Bradshaw, 462 U.S. 1039, 1045-46 (1983). Moreover, the officer's conduct did not constitute "interrogation" under controlling standards. That is, his actions were not such that the officer should have known they were reasonably likely to elicit an incriminating response. See Fox, 2000 WL 6189 at *9 (citing Rhode Island v. Innis, 446 U.S. 291, 301 (1980)). The trial court therefore did not abuse its discretion in admitting Mr. Mora's statements through the testimony of the law enforcement agent. Thus, Mr. Mora's claim for relief on this ground fails.

Finally, Mr. Mora argues that the trial court erred in admitting into evidence a stipulation that he had previously been convicted of a felony. Mr. Mora notes that the government's purpose in introducing this evidence was to

prove an element of the crime of felon in possession of a firearm. We review the trial court's decision to admit evidence of prior convictions for abuse of discretion. See United States v. Wacker, 72 F.3d 1453, 1471 (10th Cir. 1995). Wacker controls in the instant case. There, we held that "where a defendant offers to stipulate as to the existence of a prior felony conviction, the trial judge should permit that stipulation to go to the jury as proof of the status element of section 922(g)(1)..." Id. at 1472. The district court properly permitted the jury to receive evidence of the fact of Mr. Mora's felony status, without disclosing any details of the nature of the underlying felony conviction. Thus, Mr. Mora's claim for relief on this ground fails.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge